UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WAYNE BEAUCHAMP, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:07cv211-S |

**UNITED STATES' STATEMENT PURSUANT TO LOCAL RULE 16(C)**

The United States submits this statement pursuant to Local Rule 16(c) listing the elements that it must prove in order to prevail on the cause of action in its Complaint.

The United States seeks to foreclose federal tax liens on a parcel of real property in Narragansett, Rhode Island currently owned by Defendants Wayne and Keith Beauchamp. Those tax liens arise from assessments of the unpaid income taxes of Jeffrey Rose (not a defendant in this action) for the 1994, 1995, 1996, and 1997 tax years, in the amount of $769,825.88 (plus statutory interest and additions from and after March 22, 2006), against a parcel of real estate in which Rose, or his nominee, had an interest at the time those assessments were made. The Internal Revenue Service made those assessments against Rose in accordance with the requirements of the Internal Revenue Code. See 26 U.S.C. ("I.R.C.") §6201 et seq. Because Defendants are not themselves the taxpayer against whom the assessments were made, they may not challenge the validity of the underlying assessments against Rose. In re Campbell, 761 F.2d 1181, 1185 (6th Cir. 1985) ("a third party is not entitled to question the tax liability of another, especially when the IRS is involved in collecting the taxes") (citations omitted); accord Middlesex Savings Bank v. Johnson, 777 F. Supp. 1024, 1030 (D. Mass. 1991) ("The prompt

collection of taxes is an essential governmental function, and to allow third parties to raise the entire history of the tax assessment in question in a full adversary proceeding would result in a substantial impediment to a process that is designed to be swift and efficient) (citation and internal quotations omitted).

A federal tax lien arises at the time that the IRS makes an assessment for unpaid taxes, extends to "all property and rights to property, whether real or personal, belonging to" such person at the time the assessment is made, and continues to attach to that property until the amount of liability set forth in the assessment is satisfied. I.R.C. §§6321, 6322. Upon authorization by the Secretary of the Treasury, the United States may enforce a federal tax lien by filing suit in district court seeking a judicial order to sell the property to which the lien attaches and distribute the proceeds to the United States and such other claimants as may establish an interest in the property. I.R.C. §7403.[1]

The IRS assessments against Rose created federal tax liens against all of Rose's property and rights to property. In order to foreclose those tax liens, all the United States must establish is that Rose had, at the time those assessments were made, an interest in the property for which foreclosure is sought. While Rose apparently did not hold record title to the property in his name, the United States alleges that, at the time the federal tax lien arose, record title was held

---

[1] Congress has created a hierarchy of priorities recognizing that ordinary commerce requires that certain interests be satisfied prior to federal tax liens. For example, the statute provides that holders of a perfected security interest in the property (such as a mortgage) are entitled to priority over the federal tax lien unless a Notice of Federal Tax Lien had been recorded prior to the perfection of that interest. I.R.C. §6323(a). In this case, a Notice of Federal Tax Lien against Borland Realty LLC, as nominee of Jeffrey Rose, was filed before the mortgage granted to Defendant Dean Bank was recorded, so the exception relating to previously-recorded mortgages does not apply.

by Rose's nominee, an entity called Borland Realty LLC. In order to establish that Borland Realty was Rose's nominee, the United States need only show that Rose enjoyed the benefits of, and exercised control over, the property. See, e.g., Shades Ridge Holding Co. v. United States, 888 F.2d 725, 728 (11th Cir.1989) (tax lien attaches to assets of corporation as taxpayer's nominee when corporation is dominated by taxpayer and his family and whose funds are used to pay taxpayer's expenses); see also Cody v. United States, 348 F. Supp. 2d 682, 694-95 (E.D. Va. 2004) (listing nonexclusive factors for nominee theory).

Once it establishes that its federal tax liens attach to property, the United States may foreclose upon that property even if it has since been transferred to a third party not otherwise liable for the underlying tax liabilities. *United States v. Verduchi*, 434 F.3d 17, 25 (1st Cir. 2006) ("[t]he transfer of property subsequent to the attachment of the lien does not affect the lien, for 'it is the very nature and essence of a lien, that no matter into whose hands the property goes, it passes *cum onere*'") (quoting *United States v. Bess*, 357 U.S. 51, 57 (1958)). In this case, a demonstration that Borland Realty was in fact Rose's nominee compels the conclusion that the federal tax liens attach to the property and is not dischared by subsequent transfers of ownership interest. Thus, even though the property at issue is now owned by the Beauchamps, the United States may foreclose its tax liens on that property.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Robert J. Kovacev
ROBERT J. KOVACEV
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6541

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of the foregoing has this 11th day of September, 2007, been made upon the following electronically via ECF to:

James P. Marusek, Esquire
Gidley, Sarli & Marusek
One Turk's Head Place
Suite 900
Providence, Rhode Island 02903

/s/ Robert J. Kovacev
ROBERT J. KOVACEV
Trial Attorney, Tax Division