IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 07-0211S |
| KEITH BEAUCHAMP, et al., | ) | |
| Defendants, | ) | |
| and associated Counterclaims. | ) | |

**UNITED STATES' REPLY TO COUNTERCLAIMS**

Plaintiff/Counterclaim Defendant, the United States of America, denies each and every allegation that is not specifically admitted below and otherwise submits the following reply to Defendants' Counterclaims:

28. The defendants, Keith and Wayne Beauchamp, are record holders in fee simple of the subject premises pursuant to the deed from 25 Raymond Associates, LLC, dated June 30, 2006 (a true and accurate copy of the subject deed is attached as Exhibit A).

**ANSWER**: The United States admits.

29. The defendant Dean Bank is the current holder of a purchase money mortgage secured by the subject premises in the amount of $344,000.00 recorded at Book 658, p.911, of the Land Evidence Records of the Town of Narragansett, Rhode Island. (A true and accurate

copy of the mortgage is attached as Exhibit B-1; copy of the underlying Note is attached as Exhibit B-2.)

**ANSWER**: The United States admits that Dean Bank holds a purported mortgage on the property at 25 Raymond Drive, Narragansett, Rhode Island granted by Keith and Wayne Beauchamp and otherwise lacks information sufficient to form a belief as to the truth of this allegation.

30. The funds provided by the defendants were applied to the purchase of the subject property from 25 Raymond Associates, the holder of a mortgage dated April 15, 1993, which said mortgage was duly foreclosed by said mortgagee under Power of Sale on or about January 19, 2006 (mortgage deed dated April 15, 1993, attached as Exhibit C; assignment of mortgage to Raymond 25 attached as Exhibit D; Statutory Form of Foreclosure Deed to Raymond 25 attached as Exhibit E; Affidavit of Sale attached as Exhibit F; Affidavit of Notice attached as Exhibit G; advertisement of sale attached as Exhibit H).

**ANSWER**: The United States lacks information sufficient to form a belief as to the truth of this allegation.

31. Prior to obtaining their interests in the subject property, the defendants' attorneys obtained customary confirmation from the attorneys for the grantors, Raymond 25 Associates, LLC, that the plaintiff was duly notified and that the plaintiff failed to contact the grantor or to

redeem within 120 days following the foreclosure as required by law (see Affidavit attached as Exhibit I).

**ANSWER**: The United States lacks information sufficient to form a belief as to the truth of this allegation.

32. As a result thereof, the subsequent transfers of interest to the defendants were free and clear of the tax lien now asserted by the plaintiff.

**ANSWER**: The United States denies.

33. The funds delivered by the defendants at closing in June of 2006 actually funded the purchase of the property at fair market value from the owner in fact, Raymond 25, and benefitted the original, pre-existing mortgagee – Kaleb Realty RIGP and/or Nomar Realty Trust (Exhibit D) and its assignee, the grantor, Raymond 25. Now, absent the defendants' own direct and affirmative intervention and without immediate Court action on this Complaint for Declaratory Judgment, the defendants will be unable to correct the resulting cloud on title created by the recorded appearance of the legally discharged IRS lien now maintained and asserted by the plaintiff.

**ANSWER**: The United States denies that federal tax liens on the property have been discharged, and otherwise lacks information sufficient to form a belief as to the truth of this allegation.

34. The defendants' rights, status, legal relations and responsibilities, as well as those of various other persons and parties, including future purchasers of the subject premises and bona fide mortgagees, may be adversely and irreparably affected if the Court does not, forthwith, enter a declaratory judgment clearing, declaring and/or quieting the title as prayed herein. Specifically, the defendants request that the title be cleared and quieted by confirming that the transfer from Raymond 25 to defendants was accomplished free and clear of any claimed interests of the IRS. The defendants also pray that any interests of the plaintiff in or to the subject property be declared equitably and legally discharged, barred, subrogated and/or subordinated as to the interests of the defendants, their heirs, mortgagees, successors and assigns.

**ANSWER**: The United States denies.

35. The plaintiff and defendants have not resolved their differences although it was intended and understood that the subject premises were to be duly vested, free and clear of all encumbrances, in the defendants as referenced in paragraph 34 hereof.

**ANSWER:** The United States admits that it has not resolved its dispute with Defendants and otherwise denies.

36. Paragraphs 1 - 35 are incorporated herein by reference.

**ANSWER**: The United States realleges its answers to Paragraphs 1 through 35. as if fully set forth herein.

37. The defendants' funds were directly and actually applied to satisfy existing priority or purchase money encumbrances and to purchase the subject property from a pre-existing mortgagee at fair market value. Such payments were made by the defendants to protect their own interests, not as volunteers, for debts for which they were not previously liable, in satisfaction of the entirety of the pre-existing debt and not in detriment to the rights of others (see Han v. United States, 944 F. 2d 526 (9th Cir. 1991). Such payments are, accordingly, superior to any purported remaining interests of the IRS.

**ANSWER**: The United States denies that any payments made by Defendants are superior to the federal tax liens, and otherwise lacks information sufficient to form a belief as to the truth of this allegation.

38. Additional proceeds supplied by the defendants were paid and applied directly to the satisfaction of various fees, commissions, taxes, liens and costs relating to the purchase, financing, upkeep, enhancement, re-financing, maintenance and preservation of the subject premises.

**ANSWER**: The United States lacks information sufficient to form a belief as to the truth of this allegation.

39. Any purported interests of the IRS are, accordingly, both equitably and legally dischargeable and are fully subrogated and subordinaed to the defendants' prior interests. See Potter v. U.S., 111 F.Supp. 585 (D. R.I. 1953)

**ANSWER**: The United States denies.

40. Paragraph 1 - 39 are incorporated herein by reference.

ANSWER: The United States realleges its answers to Paragraphs 1 through 39 as if fully set forth herein.

41. The defendants are entitled to an Order of this Court removing any cloud on their title to, and ownership of, the subject premises, quieting title in them pursuant to R.I.G.L. §34-16-1 et seq, and to damages and expenses incurred pursuant tot R.I.G.L. §34-11-33.

**ANSWER**: The United States denies.

42. Paragraph 1 - 41 are herein incorporated by reference.

**ANSWER**: The United States realleges its answers to Paragraphs 1 through 41 as if fully set forth herein.

43. The defendants were, and are, bona fide purchasers for value who took title to and solely maintained the subject property for valuable consideration without actual knowledge of the purported interests, if any, of the IRS.

**ANSWER**: The United States lacks information sufficient to form a belief as to the truth of this allegation.

44. To the extent that the IRS obtained or retained any valid interest in the subject premises, which such interest is specifically denied, the IRS is, upon information and belief, currently able to pursue several other sources of repayment for the alleged indebtedness owed by Rose, Borland, Kaleb Realty, RIGP, Nomar Realty Trust and/or Raymond 25.

**ANSWER**: The United States lacks information sufficient to form a belief as to the truth of this allegation.

45. Such alternative sources include the assets and property of Rose, the assets and property of Borland and Nomar Realty Trust and any and all proceeds of the closing distributed to Raymond 25 Associates, LLP, in June of 2006.

**ANSWER**: The United States lacks information sufficient to form a belief as to the truth of this allegation.

46. The defendants have no adequate remedy at law, and the plaintiff IRS should marshal its assets in equity accordingly.

**ANSWER**: The United States denies.

WHEREFORE, the United States demands judgment dismissing the Counterclaims and granting to it its costs and such other and further relief as this Court deems just and proper.

## Affirmative Defenses

### First Affirmative Defense

The Counterclaims fail to state a cause of action against the United States upon which relief can be granted.

### Second Affirmative Defense

To the extent that the Counterclaims seek declaratory and/or injunctive relief, or any other relief beyond the scope of 28 U.S.C. §2410(a), they are barred by the doctrine of sovereign immunity.

### Third Affirmative Defense

To the extent that the Counterclaims seek money damages, they allege no harm for which damages may be awarded against the United States under the Internal Revenue Code.

**Fourth Affirmative Defense**

The United States reserves the right to amend its Reply to assert additional affirmative defenses.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Robert J. Kovacev
ROBERT J. KOVACEV
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6541

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of the foregoing has this 3rd day of October, 2007, been made upon the following electronically via ECF to:

James P. Marusek, Esquire
Gidley, Sarli & Marusek
One Turk's Head Place
Suite 900
Providence, Rhode Island 02903

/s/ Robert J. Kovacev
ROBERT J. KOVACEV
Trial Attorney, Tax Division