UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:07cv211-S |
| | ) | |
| KEITH BEAUCHAMP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF UNITED STATES' ASSENTED-TO REQUEST TO EXTEND DEADLINE FOR FILING MOTIONS TO COMPEL**

The plaintiff United States of America, through undersigned counsel, with the assent of counsel for the Defendants, requests, pursuant to Fed. R. Civ. P. 6(b)(1)(A), that this Court extend the deadline for filing motions to compel responses to discovery until August 21, 2008. Pursuant to the Court's Pretrial Order, all motions (save summary judgment motions or motions in limine) must be filed by July 21, 2008 (10 days after the discovery cutoff date).

One of the key factual issues in the case is whether Jeffrey Rose (whose tax liabilities gave rise to the tax lien that the United States seeks to foreclose) owned or controlled a parcel of real property in Narragansett, Rhode Island, through a series of nominee entities before selling it to Defendants. The United States has, therefore, attempted discovery focused on that inquiry.

The United States subpoenaed Attorney John Sheehan for deposition and for production of documents. Sheehan represented Jeffrey Rose in connection with the transactions involving the property at issue in this case. In addition, Sheehan was a business partner in Raymond 25 Associates LLC, the entity that purportedly acquired the property from one of Rose's entities and sold the property to Defendants, and he personally received a share of the proceeds of that sale.

In his deposition on July 9, 2008, Attorney Sheehan repeatedly invoked attorney-client privilege and refused to answer questions regarding the transaction. Among the questions Sheehan refused to answer were questions regarding the business operations of Raymond 25 Associates, questions regarding whether Sheehan transferred the proceeds of the sale of the property to Jeffrey Rose, and questions regarding communications Sheehan had with Jeffrey Rose in which third parties also participated. He also refused, on attorney-client privilege grounds, to produce any documents at all (including clearly non-privileged documents such as tax returns filed with the IRS and correspondence with third parties).

The United States believes that Sheehan's invocation of the privilege lacks merit and intends to file a motion to compel further testimony and production of documents from him. An extension of time would allow sufficient time for the transcript of the deposition to be prepared and reviewed, and for counsel to meet and confer with Attorney Sheehan's lawyer before seeking judicial intervention.

In addition, the United States is currently engaged in discussions with counsel for JEV Financial Corporation and Kaleb Realty, two of Jeffrey Rose's nominee entities in the chain of title for the property, seeking to resolve a dispute regarding those entities' refusal to produce documents in response to the United States' subpoena. An extension of time would permit those discussions to proceed, thereby potentially obviating the need for judicial intervention.

For the above reasons, the United States requests, with the assent of Defendants, that this Court extend the deadline for filing motions to compel until August 21, 2008.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Robert J. Kovacev
ROBERT J. KOVACEV
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6541

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of the foregoing has this 18th day of July, 2008, been made upon the following electronically via ECF to:

James P. Marusak, Esquire
Gidley, Sarli & Marusak
One Turk's Head Place
Suite 900
Providence, Rhode Island 02903

/s/ Robert J. Kovacev
ROBERT J. KOVACEV
Trial Attorney, Tax Division