## Hal Panciera

**From:** "Harold Panciera" <htp319@msn.com>
**Date:** Sunday, July 10, 2005 12:31 PM
**To:** "Jeff" <standish9@aol.com>
**Attach:** rosejeffnarragansett1.doc
**Subject:** Narragansett Property

Jeff,

Enclosed is correspondence from John.

Harold
Harold T. Panciera, Jr., CMC

Phoenix Financial Services LLC
23 Acorn Street, Suite 203
Providence, Rhode Island 02903
(401) 831-1010 Ext. - 13 Fax (401) 453-4793

WWW.PHOENIX-FINANCIAL.COM

HAL@PHOENIX-FINANCIAL.COM

DEPOSITION EXHIBIT
Gov. 5
3-11-08 Panciera

GOVERNMENT EXHIBIT
D

To: Jeff

From: John

Date: July 4, 2005 (Independence Day)

Re: Narragansett property.

I see the outline of the proposal as follows:

1. Mortgage dated April 15, 1993 from Nomar Realty Trust, with a signator of J.V. Rose, Trustee to Kaleb Realty, a RIGP, with an address of PO Box 1491, Providence, RI 02903, for the face amount of $52,000.00.

A. Who is Kaleb Realty. I would presume that since the payments on the mortgage were scattered at best it may be a member of your family who owns Kaleb (i.e. your father). As a relative he would probably allow the monthly mortgage payments to accrue and not foreclose if you were unable to make the payments. I need a statement by the partnership certifying who are the partners and their proportionate share. Are there any records in any persons possession showing who are the partners, such as filed tax returns, accountants records, bank files, etc. which can be located by any interested parties?

B. I need to see a copy of the Note and a certification by the partnership of the balance due.

2. Assignment of the note and mortgage to "Raymond 25 Associates", a Rhode Island LLC to be created. Sale price of the note and mortgage is $250,000.00.

3. Raymond 25 Associates forecloses and notices all lienholders of record, including the IRS. Raymond 25 will present the first bid for the property at the foreclosure with a bid of, oh say $425,000. In the event the IRS wishes to exercise it's rights to redeem it will have to pay the bid price.

4. 120 days after foreclosure purchase price is paid. In the interim, members of LLC assign to your father (?) as security for the payment of the purchase price the interest in the LLC guaranteeing full payment of the price 120 days after foreclosure.

In the above manner, all are protected. Our side goes through the expense and effort of the foreclosure, your father's side is secured for the purchase price pending the 120 day time period and the deal is done. In the event IRS rears it's head in any significant degree, (files a court challenge), we either fight, negotiate with them or collapse our tents and go home.

Please review!

John