AO88 (Rev. 12/07) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

--- DISTRICT OF RHODE ISLAND

UNITED STATES
V.
KEITH BEAUCHAMP, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:07cv211S

TO: John T. Sheehan
10 Green Lane
Newport, RI 02840

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| United States Attorney's Office, Fleet Center, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903 | 6/10/2008 10:00 am |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| United States Attorney's Office, Fleet Center, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903 | 6/10/2008 9:30 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Robert J. Kovacev /cla | 5/29/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert J. Kovacev, Esq., United States Department of Justice, Tax Division, P.O. Box 55, Benjamin Franklin Station, Washington, DC 20044 (202) 307-6541

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

GOVERNMENT EXHIBIT
G

GOVERNMENT EXHIBIT
50 ID
7/9/08 JC
PENGAD 800-631-6989

AO88 (Rev. 12/07) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________ ______________________________
DATE SIGNATURE OF SERVER

______________________________
ADDRESS OF SERVER

______________________________

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007:

(c) Protecting a Person Subject to a Subpoena.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction -- which may include lost earnings and reasonable attorney's fees -- on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises -- or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person -- except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**Attachment A**
**Subpoena of John T. Sheehan**

Unless otherwise indicated, these requests are limited to documents (including e-mail and other electronic documents) created and/or modified at any time between 1998 and the present.

1. All documents related to 25 Raymond Drive, Narragansett, Rhode Island, and any transactions involving that property.

2. All documents concerning, reflecting, or referring to the purchase, sale, transfer, granting of a mortgage or other encumbrance, foreclosure, maintenance, or management of any property owned, directly or indirectly, by the following:
   a. Kaleb Realty
   b. JEV Financial Corporation
   c. Borland Realty Inc.
   d. Nomar Realty Trust
   e. Raymond 25 Associates LLC
   f. The Rose Family Trust
   g. Jeffrey Rose
   h. Viriato Rose
   i. Any other entity in which Jeffrey Rose is involved

3. All documents concerning, reflecting, or referring to the business operations of the following entities, including without limitation corporate records, agreements, correspondence, financial statements, balance sheets, income statements, tax returns (federal, state, and local), bank statements, cancelled checks, deposit and withdraw slips, and other financial documents:
   a. Kaleb Realty
   b. JEV Financial Corporation
   c. Borland Realty Inc.
   d. Nomar Realty Trust
   e. Raymond 25 Associates LLC
   f. The Rose Family Trust
   g. Any other entity in which Jeffrey Rose is involved

4. All documents concerning, reflecting, or referring to transfers of funds between you and any of the following:
   a. Kaleb Realty
   b. JEV Financial Corporation
   c. Borland Realty Inc.
   d. Nomar Realty Trust
   e. Raymond 25 Associates LLC
   f. The Rose Family Trust

g. Jeffrey Rose
h. Viriato Rose
i. Any other entity in which Jeffrey Rose is involved

5. All billing records for services rendered (including detailed timesheets) by you related to any of the following:
 a. Kaleb Realty
 b. JEV Financial Corporation
 c. Borland Realty Inc.
 d. Nomar Realty Trust
 e. Raymond 25 Associates LLC
 f. The Rose Family Trust
 g. Jeffrey Rose
 h. Viriato Rose
 i. Any other entity in which Jeffrey Rose is involved

6. Documents reflecting a) the current address, telephone number, and e-mail address of Jeffrey Rose, b) all addresses over the past 4 years at which Jeffrey Rose has resided or stayed, and c) the means by which you have communicated with Jeffrey Rose over the past 4 years.