UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | : | |
| v. | : | CA 07-211 S |
| KEITH BEAUCHAMP, et al., Defendants. | : | |

**ORDER**
**GRANTING**
**MOTION TO COMPEL**

Before the Court is Plaintiff United States' Motion to Compel Non-Party Witness John T. Sheehan to Respond to Questions at Deposition and Produce Documents (Document #14) ("Motion to Compel" or "Motion"). No objection has been filed, see Docket, and more than fourteen calendar days have elapsed since the Motion was served upon counsel for John T. Sheehan ("Attorney Sheehan"), see Motion at 14. In addition, the Motion appears to be well-founded. See Motion at 7 (describing subjects about which Attorney Sheehan refused to answer questions); see also, e.g., id., Exhibit C (transcript of deposition) at 11 (asserting attorney-client privilege in response to question whether Attorney Sheehan "infused any capital"), 14 (asserting the privilege in response to same question relative to Mr. Panciera and Mr. Coletti), 19 (asserting the privilege in response to question whether any money was paid to Kaleb Realty as a result of the assignment agreement), 23 (asserting the privilege as to the amount of money that Attorney Sheehan received as proceeds

from the sale), 35 (asserting the privilege as to the account into which funds were transferred), 37 (asserting the privilege in response to questions regarding whether Jeff Rose received any proceeds from the sale of the property), 43 (asserting the privilege as to the sale price for the assignment of the mortgage and whether and to whom it was paid), 55 (asserting attorney-client privilege as to receipts and copies of checks), 69 (asserting the privilege in response to question whether $300,000 actually changed hands when the premises were sold), 98 (asserting the privilege in response to question who received the purchase price), 106 (asserting the privilege in response to whether Attorney Sheehan actually disbursed proceeds).

Accordingly, **to the extent that the Motion seeks to compel Attorney Sheehan to produce documents and answer questions, the Motion is GRANTED.** See DRI LR Cv 7(b)(1);[1] see also ITT Holdings, Inc. v. Odom, 468 F.3d 17, 19-20 (1st Cir. 2006) (affirming strict enforcement of local rule stating that opposing party is deemed to have waived objection to motion by failing to

---

[1] DRI LR Cv 7(b)(1) states:

> (b) Objections and Replies.
>
> (1) Any party opposing a motion shall file and serve an objection not later than fourteen (14) calendar days after service of the motion. Every objection shall be accompanied by a separate memorandum of law setting forth the reasons for the objection and applicable points and authorities supporting the objection.

DRI LR Cv 7(b)(1).

file objection within time specified in the local rules).

To the extent that the Motion seeks to require Attorney Sheehan to reimburse the United States for travel expenses of $313.03 and court reporter and deposition officer costs of $410.00, see Motion at 12, there will be a hearing at 10:00 a.m. on Tuesday, September 23, 2008, to address this portion of the Motion,[2] see Fed. R. Civ. P. 37(a)(5)(A).

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
September 9, 2008

[2] If Attorney Sheehan wishes to forgo the hearing, he may pay the $723.03 and notify the Clerk that the hearing is unnecessary.