# D-1

PROMISSORY SECURED BY
MORTGAGE ON REAL ESTATE

$52,000.00

Providence, Rhode Island
April 15, 1993

FOR VALUE RECEIVED, Nomar Realty Trust, ("Borrower"), promises to pay to Kaleb Realty, ("Holder"), or order, at such place as the holder hereof may designate in writing, the principal sum of FIFTY TWO THOUSAND AND 00/100 ($ 52,000.00) DOLLARS, together with interest at the rate of TWELVE (16.75%) Percent per annum (the "Rate"), on the unpaid principal balance at the following rates and on the following terms:

1. From the date of the inception of this Note, and at all times during which the outstanding principal balance of said Note is FIFTY TWO THOUSAND AND 00/100 ($ 52,000.00) DOLLARS, beginning May 15, 1993 to July 31, 1999, then the Borrower shall make monthly payments of FOUR HUNDRED AND 00/100 ($400.00) DOLLARS; said monthly payments shall be applied first to the payment of accrued interest at the rate specified herein, then to expenses hereunder and the balance of said payment to reduction of principal indebtedness. Said payments shall be due and payable in equal monthly installments, commencing on the 15th day of May and continuing on the 15th day of each consecutive month thereafter until the July 31, 1999.

2. From the period beginning August 1, 1999 until the entire indebtedness of this note is paid Borrower shall make monthly payments of SIX HUNDRED FIFTY AND 0/100 ($ 600.00) DOLLARS; said monthly payments shall be applied, first to the payment of accrued interest at the rate specified herein, then to expenses hereunder and the balance of said payment to reduction of principal indebtedness. Said payments shall be due and payable in equal monthly installments, commencing on the 1st day of August, 1999 and continuing on the 1st day of each consecutive month thereafter until the entire indebtedness evidenced by this Note is paid in full. Notwithstanding anything to the contrary contained in said

Note, the entire indebtedness of principal and interest evidenced by this Note, if not sooner paid, shall be due and payable on or by August 30, 2003 (the "due date").

The Borrower hereby agrees to reimburse the Lender on demand of all expenses, including, without limitation, all reasonable attorneys' fees and expenses, incurred by the holder hereof in the collection of any amounts due or the preservation or enforcement of any rights arising under this Note.

Payment of the principal of, and interest on, this Note shall be made in lawful money of the United States of America with immediately available funds, to the Note Holder or order or at such other office as the holder hereof may specify.

In the event of (1) default in the payment of any installment of interest or principal hereof within fifteen (15) days after the same first becomes due (no prior demand therefore by the holder being necessary); (2) default in the performance of any of the covenants, agreements and conditions of this Note or any guarantee, agreement or document

executed in connection herewith, or any mortgage, assignment or other instrument now or hereafter securing this Note or any guarantee of this Note; (3) default in the payment of any installment of principal or interest or default in the performance of any of the covenants, agreements and conditions of any other Note the security of which constitutes an encumbrance on the security for this promissory note; (4) an assignment for the benefit of creditors by, or the filing of a petition under bankruptcy, insolvency or any other law, federal or state, pertaining to the rights of creditors generally, or a petition for any readjustment of indebtedness, composition or extension by, or the pendency of any such petition undismissed for a period of forty-five (45) days against, Borrower, or any other person, partnership or corporation now or hereafter liable,, absolutely or contingently, for the payment of the whole or any part of this note; (6) any attachment or lien placed upon property which is not discharged within thirty (30) days which is the subject of the mortgage granted as security for this note; (7) default in payment, when due, of any and all obligations for assessments for taxes, sewer, and water or hazard insurance premiums, so-called, with respect to the real estate which is the security for this Note; (8) acquisition at any time or from time to time of title to the whole or of any part or any property which is the subject of the mortgage granted as security for this promissory note by any person, partnership or corporation other than the Borrower; then this Note shall, at the option of the holder, become forthwith due and payable without presentment, notice, protest or demand at any time, all of which are expressly waived by the Borrower and all endorsers and guarantors hereof, for the payment of the whole or any part hereof. Failure at any time to exercise any of the aforesaid options shall not constitute a waiver thereof, nor shall it be a bar to the exercise any of the aforesaid options at a later date.

Notwithstanding anything herein to the contrary, in no event shall the interest payable under this Note, together with all amounts which under applicable law constitute interest and which are reserved, charged, and/or taken by the Bank as compensation for fees, services or expenses incidental to the making or negotiating of the loan evidenced hereby, exceed the maximum rate of interest on the unpaid principal balance hereof allowable by applicable law. As used herein, the term "applicable law" shall mean the law in effect as of the date hereof, provided, however, that in the event there is a change in the law which results in a higher permissible rate of interest, then this Note shall be governed by such law as of its effective date. In the event that any sum is inadvertently collected in excess of the

applicable allowable maximum rate, the excess amount collected shall be applied to reduce the principal debt evidenced hereby.

This Note shall be deemed to be a negotiable instrument made under,, and shall be construed in accordance with a and governed by, the laws of the State of Rhode Island. Any legal action commenced by, or in the name or on behalf of, the Borrower relating to this Note or the transaction contemplated or evidenced hereby shall be instituted and prosecuted exclusively in the Courts of Providence County, Rhode Island, or the Federal District Court for the jurisdiction of the Courts of the State of Rhode Island and the Federal District Court for the District of Rhode Island for the purpose of any suit, action or other proceeding arising out of its obligations hereunder or under any agreement securing this Note, and expressly waives any objections the borrower may have as to venue in any such courts. THE BORROWER HEREBY EXPRESSLY WAIVES TRAIL BY JURY IN ANY ACTION BROUGHT ON OR WITH RESPECT TO THIS NOTE.

Any notice to Borrower provided for in this Note shall be given by mailing such notice by certified mail addressed to Nomar Realty Trust at 25 Raymond Drive, Narragansett, Rhode Island, or at such other address as Borrower may designate in writing by notice to the Note holder. Any notice to the Note holder shall be given by mailing such notice by certified mail return receipt requested to the Note hold at the address stated in the first paragraph of this Note, or at such other address as may have been designated in writing by the Note holder to the Borrower.

The indebtedness evidenced by this Note is secured by a mortgage of even date herewith upon the property stated below.

IN PRESENCE OF:

WITNESS

Trustee

Nomar Realty Trust

Property Address: 25 Raymond Drive
Narragansett, Rhode Island